CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 5 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NELSON EDDY WALKER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:06CV00117 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TERRY O'BRIEN, WARDEN, et al., | ) | By: Hon. Glen E. Conrad |
|     Respondents. | ) | United States District Judge |

The petitioner, Nelson Eddy Walker, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Having reviewed the petition, the court concludes that Walker has failed to demonstrate entitlement to relief under § 2241, and that his petition must be dismissed.

## Background

Walker is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 1997, the United States District Court for the Middle District of North Carolina sentenced Walker to a term of imprisonment of 115 months for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Walker was also ordered to serve a three-year term of supervised release. Court records indicate that Walker filed a motion to vacate, set aside or correct sentence in the Middle District of North Carolina on September 7, 2001. The motion was denied by the district court. See United States v. Walker, 1:97-cr-00091 (M.D. N.C. March 8, 2002). The plaintiff subsequently appealed the decision to the United States Court of Appeals for the Fourth Circuit. On June 10, 2002, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See United States v. Walker, 36 Fed. Appx. 164 (4th Cir. 2002) (unpublished).

In his present petition, Walker contends that his sentence should be vacated because the sentencing court did not have the authority to impose a three-year term of supervised release in

addition to a term of imprisonment. Walker also appears to challenge the execution of his sentence. Walker argues that his three-year term of supervised release should be credited toward his term of imprisonment.

## Discussion

1.   The Validity of the Petitioner's Sentence

Walker's first claim challenges the validity of his sentence. Walker argues that the district court erred by sentencing him to a term of supervised release in addition to a term of imprisonment. However, an inmate may not challenge the validity of his conviction or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed. 2d 411 (1977). The Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Walker's first claim in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Walker has not pointed to any change in the substantive law associated with his conviction, and a review of current federal law shows that the conduct for which Walker is currently incarcerated continues to constitute a criminal offense. See 18 U.S.C. § 922(g).

2

Accordingly, Walker's first claim must be dismissed.*

2. The Execution of the Petitioner's Sentence

Walker also challenges the manner in which his sentence has been executed by the Federal Bureau of Prisons. Walker alleges that his three-year term of supervised release is "a part of" his 115-month prison sentence, such that 36 months should be subtracted from his sentence. Based on the amount of time that Walker has already served, Walker contends that he is entitled to immediate release from custody.

Although challenges to the execution of a federal sentence are properly brought under § 2241, In re Vial, 115 F.3d at 1194, n. 5, Walker's current challenge is precluded by the plain language of 18 U.S.C. § 3624(e). This statute provides, in pertinent part, that a term of supervised release does not commence until "the day the person is released from imprisonment." 18 U.S.C. § 3624(e). Thus, Walker's term of supervised release is separate and distinct from his term of imprisonment, and has no bearing on his release date. See also United States v. Johnson, 529 U.S. 53, 57 (2000) (explaining that a term of supervised release cannot run while an individual remains in the custody of the Bureau of Prisons, since the term of supervised release does not begin "until an individual 'is released from imprisonment.'").

For the reasons stated, the court concludes that Walker's petition must be dismissed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondents.

ENTER: This 25th day of February, 2006.

_____
United States District Judge

---

* Walker is advised that if he wishes to file a successive § 2255 motion in the Middle District of North Carolina, he must first receive pre-filing authorization from the Fourth Circuit. See 28 U.S.C. § 2255, ¶8.